UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDWIN BERRIOS GUZMAN,

        Plaintiff,

v.                                                                                          Case No:    6:21-cv-1673-RBD-GJK

ANN COFFMAN, CHRISTY C.
COLLINS, SHEVAUN HARRIS,
KILOLO KIJAKAZI and CHRISTINE C.
GROVES,

        Defendants.

## ORDER

This matter is before the Court *sua sponte*. Plaintiff **Edwin Berrios Guzman** ("**Plaintiff**") is proceeding *pro se*. So the Court will inform him of some, but not all, of the procedural rules with which he must comply. *Pro se* litigants are subject to the same law and rules of court as litigants represented by counsel, including the Federal Rules of Civil Procedure ("**Rule(s)**"), and the Local Rules of the United States District Court for the Middle District of Florida ("**Local Rule(s)**").[1] *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

---

[1] All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. The Local Rules are available for review on the Court's website at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

Plaintiff shall not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form. In keeping with their sworn duty to maintain complete impartiality in exercising their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office under the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must be in the form of a pleading, *see* Fed. R. Civ. P. 7(a), or a motion, *see* Fed. R. Civ. P. 7(b). Each pleading, motion, notice, or other paper shall be presented in a separate document. In addition, all documents filed with the Court by Plaintiff must include a caption (the same as set forth on Plaintiff's Complaint); a brief title that describes the nature of the document; the filing party's name and signature; and a Certificate of Service. *See* Local Rules 1.08, 1.09, and 1.10(a). These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Plaintiff must bear an original signature of Plaintiff, or they will be rejected by the Court. Among other things, the signature serves as the party's certification, under Rule 11(b), that the document is not submitted for any improper purpose; that the claims or defenses in it are warranted by existing law; and there exists reasonable factual support for the allegations or assertions made. Plaintiff is advised to review and become familiar with Rule 11, as failing to comply with its provisions can result in the imposition of sanctions, including monetary fines.

All pleadings, motions, or other papers filed with the Court by Plaintiff must also include a signed Certificate of Service. The Certificate of Service is confirmation that the filing party has complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

If Plaintiff seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, he must file a proper motion requesting that relief. *See* Fed. R. Civ. P. 7(b). The motion must meet the requirements of all applicable rules, including the Rules and the Local Rules. *See* Local Rule 3.01. All motions must be accompanied by a legal memorandum with citation of authorities supporting the relief requested. *See* Local Rule 3.01(a). But the motion and memorandum cannot exceed twenty-five (25) pages in length. *See id.*

Plaintiff is advised that prior to filing most motions, Local Rule 3.01(g) requires that the filing party confer with the opposing party in a good faith attempt to resolve the issue and to include a certification on the motion.  Failure to comply with the requirements of Local Rule 3.01(g) or any other rule may result in the denial of the motion.

Local Rule 3.01(c) further requires that any brief or legal memorandum in opposition to a motion must be filed within fourteen (14) days after being served with that motion by the opposing party, except for certain motions listed in Local Rule 3.01(c). Plaintiff must timely respond to the motions filed by other parties in this case, for if he does not timely

respond to such a motion, the Court may assume that he does not oppose that motion and the relief requested. If Plaintiff has missed a filing deadline, Plaintiff must file a motion seeking leave of Court to file the document late.

Plaintiff is reminded that, although he is now proceeding *pro se*, he is not relieved of all of the obligations that rest upon an attorney. There are still many requirements with which he must comply, including those imposed by the Rules, Local Rules, and orders of this Court. Plaintiff is warned that failing to comply with these requirements and obligations can have significant consequences. For example, failure to respond to discovery requests as described in the Rules may result in sanctions. *See* Fed. R. Civ. P. 37.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not set forth all of those requirements and should not be relied upon as limiting Plaintiff's duties and obligations in litigating this case. Plaintiff is referred to the Court's website at http://www.flmd.uscourts.gov. There is a section titled "Litigants Without Lawyers" with additional helpful information. And the Federal Bar Association offer litigants proceeding in federal court without representation an opportunity to meet face-to-face with a lawyer to ask general questions about procedures governing cases in federal court. Plaintiff is referred to the Legal Information Program web page at https://www.flmd.uscourts.gov/legal-information-program for details on this program and scheduling an appointment.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff **Edwin Berrios Guzman** shall review and comply with this Order, and the Federal Rules of Civil Procedure,

4

Local Rules of the United States District Court for the Middle District of Florida, and any applicable statutes and regulations.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 13, 2021.

ROY B. DALTON JR.
United States District Judge

Copies to:
*Pro Se* Party