UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EDWIN BERRIOS GUZMAN,**

**Plaintiff,**

v.            Case No. 6:21-cv-1673-RBD-GJK

**ANN COFFMAN, CHRISTY C. COLLINS, SHEVAUN HARRIS, KILOLO KIJAKAZI and CHRISTINE C. GROVES,**

**Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** MOTION FOR DEFAULT JUDGMENT (Doc. No. 17)
>
> **FILED:** December 20, 2021
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On December 20, 2021, Plaintiff filed a motion for default judgment against the Defendants (the "Motion"). Doc. No. 17.

Plaintiff requests the Court approve a Default Judgment without prejudice. *Id.* at 1. Rule 55 establishes "a two-step procedure for obtaining a default judgment." *Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08–cv–498, 2010 WL 1792094, *7 (N.D. Fla. May 4, 2010); *see also* Fed. R. Civ. P. 55(a), (b). "First, the clerk must enter a default '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise.' *See* Fed. R. Civ. P. 55(a)). Second, after a default is entered, the party must then apply to the court for a default judgment." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 (N.D. Ga. 2011) (citing Fed. R. Civ. P. 55(b)). Thus, "the clerk's entry of default must precede an application" for default judgment. *Deforest*, No. 3:08–cv–498, 2010 WL 1792094 at *7 (citing *Fairman v. Hurley*, 373 F. Supp. 2d 227, 231 (W.D.N.Y. 2005)).

It is unclear whether Plaintiff is seeking a clerk's default or a default judgment. But because Plaintiff did not obtain a clerk's default against each of the Defendants, a default judgment is unavailable. *Denizard v. Relic Inc.*, Case No. No. 6:14–cv–714–GAP-DAB, 2014 WL 3053233, at *1 (M.D. Fla. July 7, 2014) (denying motion for default judgment as premature because in the Eleventh Circuit, obtaining a default judgment requires that the party first obtain a clerk's

2

default before moving for final judgment and having multiple defendants raises the risk of inconsistent judgments when a default judgment is entered against one of them).

Further, "[W]hen seeking a default judgment, a plaintiff should provide the Court with points and authorities containing citations to authority showing that the Plaintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief." *Garcia v. Client Resolution Mgmt., LLC*, No. 20-CV-20713, 2020 WL 2732345, at *3 (S.D. Fla. May 26, 2020) (quoting *Johnson v. Cate*, No. 1:09-cv-502, 2009 WL 2151370, at *2 (E.D. Cal. July 17, 2009)). In short, it is Plaintiff's burden to demonstrate, "under the pertinent law," that the complaint's factual allegations are legally sufficient to entitle him to the specific relief requested. *Johnson v. Cate*, No. 1:09-cv-502, 2009 WL 2151370, at *2.

Plaintiff made no effort in the Motion to explain why he is entitled to the relief he seeks. Doc. No. 17. As mentioned earlier, Plaintiff must first obtain a clerk's default before proceeding to seek a final judgment. At each step, Plaintiff must set for a legal basis, with supporting facts, for the specific relief requested.

Accordingly, it is hereby **ORDERED** that the Motion (Doc. No. 17) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on December 21, 2021.

3

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties