IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDWIN BERRIOS GUZMAN,

    Plaintiff,

v.                                      CASE NO.: 6:21-CV-01673-RBD-GJK

KILOLO KIJAKAZI,
Acting Commissioner of Social Security, et al.,

    Defendants.
_____/

## SOCIAL SECURITY ADMINISTRATION'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

Defendant, the Social Security Administration (SSA), by and through the undersigned Assistant United States Attorney, moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Plaintiff receives social security benefits, and the SSA has implemented child support garnishment orders of those benefits. The SSA is not liable for implementing these garnishment orders because the agency is entitled to sovereign immunity. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims against SSA and his complaint should be dismissed in its entirety. Alternatively, pursuant to Fed. R. Civ. P. 56, Defendant moves for summary judgment on the grounds that there is no triable issue of material fact and Defendant is entitled to judgment as a matter of law.

## BACKGROUND

Plaintiff receives benefits from SSA pursuant to Title II of the Social Security Act (Attach. 1, Ray West Declaration ¶ 3.a.). His monthly benefit amount is $1,374.00 (West Dec. ¶ 3.b.).

The Florida Department of Revenue (DOR) sent SSA an income withholding order (IWO) dated June 16, 2017 (Attach. 2, IWOs at 4). The IWO required SSA to withhold a portion of Plaintiff's benefits for child support, and SSA complied (West Dec. ¶ 3.d.; IWOs at 4). Florida DOR sent amended IWOs for child support to SSA in July and August 2020, then terminated the IWOs in October of that year (IWOs at 10, 17, 28). SSA again complied (West. Dec. ¶ 3.e.). Florida DOR then sent another IWO for child support to SSA in June 2021, and SSA has continued to withhold $200.00 per month from Plaintiff's benefits based on this order (West Dec. ¶ 3.f.; IWOs at 33). All the IWOs state they are based on a support order from a circuit court in Orange County, Florida, that requires income deductions and identified the case number from the support order (IWOs at 4, 10, 17, 33).

Plaintiff filed suit against SSA and several other Defendants alleging this Court has jurisdiction over violations of federal law and procedures, violation of Plaintiff's constitutional right to Due Process, and a deprivation of rights under color of law (Doc. 1 at 2). According to Plaintiff, SSA has played a role in these issues by making deductions from his "[e]ntitlements" without a "VALID court order, with an OFFICIAL SEAL" and not responding to Plaintiff's cease and desist letters (Doc. 1 at 3). Plaintiff's claims lack merit and should be dismissed in their entirety. To the extent

Plaintiff challenges the effect of these orders on his own rights, his challenge lies against the issuing tribunal and not SSA.

## APPLICABLE LEGAL STANDARDS

Lack of jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). A party may challenge subject-matter jurisdiction under Rule 12(b)(1) by either a facial attack or a factual attack. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and the allegations in his complaint are taken as true . . . ." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (internal quotation marks and brackets omitted). In a factual attack, the court may consider facts outside the pleading and is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* A factual controversy therefore does not itself defeat a motion to dismiss under Rule 12(b)(1). *See id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## ARGUMENT

### I. Sovereign Immunity Shields SSA From Suit

This Court should dismiss Plaintiff's Complaint against the SSA for lack of subject matter jurisdiction. It is well settled that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). For courts to have jurisdiction over a suit against the United States, the waiver of sovereign immunity must be "unequivocally expressed in statutory text." *Fed. Aviation Admin. v. Cooper*, 566 U.S. 284, 290, 132 S.Ct. 1441, 182 L.Ed.2d 497 (2012) (quotation omitted). Further, "the 'terms of the [United States's] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The court will strictly construe the scope of the government's sovereign immunity waiver in favor of the sovereign. *See Lane v. Pena*, 518 U.S. 187, 192 (1996).

The Government has waived SSA's sovereign immunity in certain limited circumstances but, as explained below, they are not applicable here. Through the Social Security Act (Act), Congress waived the United States's immunity from garnishment orders for child support and directed at moneys payable by the United States. However, Congress also relieved federal agencies complying with those orders from liability. The Act also allows for judicial review of SSA's "final decision" issued after a hearing, but Plaintiff has not identified such a final decision and has not identified a constitutional claim wholly collateral to his claim for benefits. Further, Plaintiff has failed to identify any statutory waiver of sovereign immunity outside the

Social Security Act that would allow him to obtain civil or criminal relief against SSA or its employees. Because the Government has not waived sovereign immunity for the issues raised against SSA in Plaintiff's complaint, this Court must dismiss. *See Meyer*, 510 U.S. at 475.

## II. The Act Allows for Certain Types of Garnishment and Relieves SSA of Reliability

Plaintiff receives Title II benefits under the Act, but SSA has implemented garnishments of those benefits pursuant to three IWOs for child support issued by Florida DOR (West Dec. ¶¶ 3.d.-f.). Most recently, Plaintiff's benefits have been subjected to withholding of $200.00 per month since June 2021 (West Dec. ¶ 3.f.; IWOs at 33).

The Act generally bars execution, levy, attachment, or garnishment of Title II benefits. *See* 42 U.S.C. § 407(a).[1] There are narrow exceptions where another statute expressly references this bar and waives it. *See* 42 U.S.C. § 407(b). One such statute allows garnishment of Title II benefits for child support. *See* 42 U.S.C. § 659(a). SSA is required to accept and process garnishment orders that are issued by a court of competent jurisdiction, for purposes of child support, that are regular on their face. *See* 42 U.S.C. §§ 659(f), 666(b); 5 C.F.R. §§ 581.101, 581.102(f), 581.305(a).

Florida courts overseeing marriage dissolutions have jurisdiction to award child support. *See* Fla. Stat. Ann. § 61.13. Where a court enters a child support order,

---

[1] The bar also applies to Title XVI payments, *see* 42 U.S.C. § 1383(d)(1), but they are not at issue here.

Florida's "Title IV-D" agency will implement income deduction where the custodial parent seeks the agency's services. *See* Fla. Stat. §§ 61.1301(1)(a)1, 409.2574(1)-(2)(a). For enforcement of support obligations under 42 U.S.C. § 651 et seq. – i.e., "Title IV-D" of the Social Security Act – Florida has designated its DOR as the state Title IV-D agency. *See* Fla. Stat. §§ 409.2554(5), 409.2557(1). Accordingly, Florida DOR is the state agency responsible for garnishing social security benefits under 42 U.S.C. §§ 659 and 666. To implement deductions of social security benefits, Florida DOR must send SSA a notice that states it is based on a valid support order with an income deduction requirement and that contains certain notices. *See* Fla. Stat. Ann. § 61.1301(1)(a)2.[2]

      This framework shows SSA's actions were proper in implementing the IWOs garnishing Plaintiff's benefits. He alleges that the IWOs are not valid because they lack an official seal or judicial signature, but are instead signed by "Sharon King, a processing manager with child support enforcement, a non-judicial employee" (Doc. 1 at 3). The IWOs came from Florida's Title IV-D agency, the DOR; stated they were for child support and based on a support order issued by a Florida state court that required income deductions; and identified the case number of the support order from which the IWOs arose (IWOs at 4, 10, 17, 33). Nothing about these orders indicates they were issued "without authority of law;" instead, they were regular on their face because they were dated, signed, and issued by a state agency with authority under

---

[2] However, it appears Florida DOR can also enforce income deduction where the orders do not specify income deduction, without need for amendment of the order or further action by the court. *See* Fla. Stat. § 409.2574(2)(a).

Florida law to implement income deductions for child support. *Trimble v. U.S. Soc. Sec.*, 369 F. App'x 27, 31-32 (11th Cir. 2010) (citing *Simanonok v. Simanonok*, 787 F.2d 1517, 1519 & n. 4, 1521 (11th Cir.1986) and 10 U.S.C. § 1408(b)(2)).

As these orders were regular on their face, SSA complied with them and implemented garnishment of Plaintiff's benefits (West Dec. ¶¶ 3.c.-f.). Because SSA implemented garnishment in accordance with applicable law, it is immune from liability for implementing the IWOs. *See* 42 U.S.C. § 659(f). This is true even if the IWOs were actually infirm but, as here, facially appeared to be legally sufficient. *Trimble* 369 F. App'x at 31-32 (citing *United States v. Morton*, 467 U.S. 822, 829-36 (1984)). Because SSA is immune from liability, the Court lacks jurisdiction over Plaintiff's claims against SSA for implementing the IWOs. *See id.*

Plaintiff otherwise cannot challenge the IWOs before this Court. To the extent he wishes to challenge the income deductions themselves, he has prescribed avenues of relief before the state to raise such a challenge. *See* Fla. Stat. Ann. §§ 61.1301(2)(f), 409.2574(2)(c). To the extent Plaintiff complains the IWOs and garnishment process are unconstitutional as applied to him, the *Rooker/Feldman* doctrine bars this Court from exercising jurisdiction over his claims against SSA; instead, SSA must be dismissed. *See Trimble*, 369 F. App'x at 32.

### III. Plaintiff Has Cited No Reviewable Final Decision Subject to Judicial Review Under 42 U.S.C. § 405(g)

The Act provides a narrow waiver of sovereign immunity for cases arising under it, but that waiver is inapplicable to Plaintiff's claims here. The Act provides, in relevant part:

> *Any individual, after any final decision of the Commissioner of Social Security made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides. . . .

42 U.S.C. § (emphasis added). The Act further provides, in relevant part:

> *No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal or governmental agency except as herein provided.* No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (emphasis added).

Plaintiff fails to establish subject-matter jurisdiction under 42 U.S.C. § 405(g) with regard to any claim because he has not shown that he received a "final decision . . . made after a hearing" from SSA that is subject to judicial review. *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The Supreme Court has recognized that, under the Act, the authority to determine what constitutes a "final decision" ordinarily rests with the Commissioner. *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976). The Act does not define "final decision," instead leaving it to the Commissioner to give meaning to that term through regulations. *See* 42 U.S.C. § 405(a); *Sims v. Apfel*, 530 U.S. 103, 106 (2000); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

Under SSA's regulations, a final decision for purposes of judicial review starts with an initial determination that an individual has pursued through all steps of a multi-step administrative review process. *See* 20 C.F.R. § 404.900(a)(5). Here, however, Plaintiff has not identified an initial determination that could lead to a final decision. *Cf.* 20 C.F.R. § 404.902 (omitting any reference to implementation of garnishment orders in a list of initial determination subject to judicial review); Program Operations Manual System GN 02410.225.C (confirming that implementation of garnishment orders is not an action that confers SSA appeal rights on a beneficiary).[3] Because garnishment of Plaintiff's benefits is not an initial determination that could ever lead to a final decision, the Act's waiver of sovereign immunity as to final decisions does not apply to Plaintiff's claims, and the Court lacks jurisdiction over them. *See* 42 § 405(g)-(h); *Cash v. Barnhart*, 327 F.3d 1252, 1255 (11th Cir. 2003).

There are "certain special cases" where a court may excuse an individual from exhausting administrative remedies, such as where the individual raises a challenge wholly collateral to his claim for benefits and makes a colorable showing that his injury could not be remedied by the retroactive payment of benefits. *See Heckler v. Ringer*, 466 U.S. 602, 618 (1984). Plaintiff's Complaint, however, fails to make any such showing. Indeed, his complaint centers solely on the handling of his benefits rather than being wholly collateral to them. Therefore, Plaintiff's Complaint does not present a special case that would justify excusing him from the administrative exhaustion requirements

---

[3] Available at: http://policynet.ba.ssa.gov/poms.nsf/lnx/0202410225.

for obtaining judicial review under 42 U.S.C. § 405(g).  Accordingly, the Court must dismiss SSA from this action.

### IV.   The Social Security Act Forecloses General Claims for Damages

Plaintiff requests "reimbursement for all funds intercepted" (Doc. 1 at 3).  To the extent he is requesting monetary relief from SSA, the Act forecloses his request.  *See* 42 U.S.C. §§ 405(h), 659(f); *see also Schweiker v. Chilicky*, 487 U.S. 412, 424-26 (1988); *Horne v. Soc. Sec. Admin.*, 359 F. App'x 138, 143 (11th Cir. 2010).

### V.    No Jurisdiction Over Criminal Claims

Plaintiff also cites "18 US code" and requests "punishment" for Defendants (Doc. 1 at 3).  To the extent he purports to bring criminal claims against SSA or its employees, Plaintiff has not alleged any facts that would show criminal conduct or demonstrated that he has any prosecutorial power to bring a criminal suit under Title 18 of the United States Code.  Instead, that power is reserved to the United States attorney for the district, *see* 28 U.S.C. § 547(1), and the Supreme Court has made it abundantly clear that a private citizen has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Accordingly, the Court lacks subject matter jurisdiction over this request and must dismiss.

### CONCLUSION

For the reasons discussed above, Plaintiff has failed to establish this Court has subject matter jurisdiction over Plaintiff's claims against SSA because sovereign immunity bars them.  His sole avenue to seek relief from the child support orders is

before the state court itself. SSA respectfully requests that the Court dismiss SSA from this action.[4]

## Local Rule 3.01(g) Certificate

Pursuant to Local Rule 3.01(g), counsel for Defendants has conferred with *pro se* plaintiff, who is opposed to the relief sought in this motion.


Dated: January 7, 2022                                    Respectfully submitted,

                                                          ROGER B. HANDGERG
                                                          United States Attorney

                                                    By:   /s/ *Phillip R.S. Ragler*
                                                          PHILLIP R.S. RAGLER
                                                          Assistant United States Attorney
                                                          USAO No. 181
                                                          400 W. Washington St., Ste., 3100
                                                          Orlando, FL 32801
                                                          Telephone: (407) 648-7500
                                                          Fax: (407) 648-7588
                                                          Email: phillip.ragler@usdoj.gov

---

[4] SSA also opposes Plaintiff's most recent motion for default to the extent it is directed at SSA (Doc. 21). Plaintiff has failed to demonstrate through an "affidavit or otherwise" that default is warranted, which alone warrants denial. Fed. R. Civ. P. 55(a); *see Wilson v. Kelly*, No. 1:18-CV-5014-AT, 2019 WL 5485126, at *1 (N.D. Ga. Apr. 10, 2019). Defaults are generally disfavored and may not be entered where the pleadings do not show a sufficient basis for entering judgment. *Tindal v. Def. Tax Grp. Inc.*, No. 8:19-CV-2907-T-60JSS, 2020 WL 6491821, at *2 (M.D. Fla. Sept. 11, 2020). As explained in this motion, Plaintiff's complaint does not show a sufficient basis for entering judgment against SSA. In addition, granting the motion against SSA would not serve the purpose of Rule 55(a), which ensures "the adversary process will not be halted because of an essentially unresponsive party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014) (citation, alteration, and quotation marks omitted). By filing this motion, SSA has taken affirmative steps to "plead or otherwise defend" this matter. Fed. R. Civ. P. 55(a).

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on January 7, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I further certify that on January 10, 2022, a copy of the foregoing document and notice of electronic filing will be furnished by U.S. mail to the following non-CM/ECF participant:

Edwin Berrios Guzman
c/o Jellystone Park
10618 East US Hwy 290
Fredericksburg, TX 78624

                                                    */s/ Phillip R.S. Ragler*
                                                   PHILLIP R.S. RAGLER
                                                   Assistant United States Attorney