**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EDWIN BERRIOS GUZMAN,**

        **Plaintiff,**

**v.**     Case No. 6:21-cv-1673-RBD-GJK

**ANN COFFMAN, CHRISTY C.**
**COLLINS, SHEVAUN HARRIS,**
**KILOLO KIJAKAZI and CHRISTINE**
**C. GROVES,**

        **Defendants.**
_____

**ORDER**[1]

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **MOTION FOR CLERKS DEFAULT** (Doc. No. 21)
>
> **FILED:** December 28, 2021
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On October 7, 2021, Plaintiff, appearing *pro se*, filed a Complaint against various Defendants purporting to allege violations under federal and state law. Doc. No 1. On

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

December 28, 2021, Plaintiff filed a motion for a clerk's default judgment against the Defendants (the "Motion"). Doc. No. 21.

Although Plaintiff lists five people as Defendants, he does not clearly provide the factual or legal bases of his causes of action against each Defendant. He provides phrases following their names such as "failed to provide me with required information as required by Federal Laws on Procedure," but no other pertinent allegations such as what information was not provided or what Federal Laws on Procedure required the Defendant to provide the required information. *Id.* at 2. Plaintiff states that his constitutional right to Due Process was violated by all the Defendants but does not identify how they were violated *Id.* at 2. He asks the Court to, among other things, reimburse the "funds intercepted while participating in the violations listed above" and a report to the Bar Association *Id.* at 3.

The Complaint violates Federal Rule of Civil Procedure 8, as it does not contain a short and plain statement that establishes a right to relief. The Complaint fails to comply with Federal Rule of Civil Procedure 8 by not stating a claim on which relief may be granted, indeed the Court is at a loss to determine what Plaintiff is complaining about and what relief he is seeking. Accordingly, the Motion for Clerk's Default is denied.

So that the case may proceed with cognizable claims, the Plaintiff is ordered to file an Amended Complaint. Ordinarily, a *pro se* party should be given an opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). In an amended complaint, Plaintiff must clearly allege the factual and legal bases of his causes of action (whether a constitutional provision, treaty, statute, or common law).

Accordingly, it is hereby **ORDERED** the following:

1. The Motion (Doc. No. 21) is **DENIED**; and
2. Plaintiff shall file an amended complaint by **January 31, 2022**, with the admonition that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice. In the amended complaint, Plaintiff should include:
   a. the basis upon which the Court has subject matter jurisdiction;
   b. a list of the people that Plaintiff is suing in this action;
   c. what rights under the Constitution, laws, or treaties of the United States or otherwise have allegedly been violated by defendants;
   d. a short plain statement of facts as to each claim and each defendant's involvement in the violation alleged in each claim;

    e. how Plaintiff has been damaged or injured by the defendants' actions or omissions;

    f. a clear statement of the relief sought; and

    g. Plaintiff must not incorporate nor reference the original complaint or include argument in the amended complaint.

    h. In light of the foregoing, the pending **motions to dismiss (Doc. Nos. 22, 25)** with respect to the complaint (Doc. No. 1) are **DENIED as moot.** However, Plaintiff should be aware that the issues raised in those motions are not resolved and that if he has not properly served one or more of the Defendants, he must properly serve his Amended Complaint. Moreover, issues such as the application of the Rooker-Feldman doctrine and the claims of immunity as at least some of the Defendants are matters he will need to address.

**DONE** and **ORDERED** in Orlando, Florida, on January 14, 2022.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4