UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDWIN BERRIOS GUZMAN,

    Plaintiff,

v.                                Case No. 6:21-cv-1673-RBD-GJK

ANN COFFMAN; CHRISTY C.
COLLINS; SHEVAUN HARRIS;
COMMISSIONER OF SOCIAL
SECURITY; and CHRISTINE C.
GROVES,

    Defendants.
_____

## ORDER

On *sua sponte* review of the Amended Complaint (Doc. 29 ("Complaint")), Plaintiff has not established subject matter jurisdiction.

Plaintiff's *pro se* Complaint is not a model of clarity, but the gravamen of his allegations is that he takes issue with the outcome of a state court case. (*See id.* at 2–5.) It is axiomatic that federal district courts may not overturn state court judgments. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In other words, "a district court lacks jurisdiction over claims brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Martinez v. Bank*

*of Am., N.A.*, No. 8:17-cv-2596, 2018 WL 5024178, at *2 (M.D. Fla. Oct. 17, 2018) (cleaned up). Here, although couched in frivolous citations, Plaintiff clearly seeks to overturn what the state court[1] already decided. (*See* Doc. 29, pp. 2–5.) But this Court does not have jurisdiction to do so and already told Plaintiff that—and the latest Complaint does not fix the problem.[2] (*See* Doc. 28.) So Plaintiff's Complaint is due to be dismissed without leave to amend and this case closed. *See Linge v. Ga. Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (denying leave to amend where *pro se* complaint was "wholly insubstantial and frivolous").

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Complaint (Doc. 29) is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk is **DIRECTED** to terminate all pending motions and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 23, 2022.



ROY B. DALTON JR.
United States District Judge

---

[1] Plaintiff also sues state officials, most of whom are likely entitled to immunity. *See Winford v. Walton*, No. 3:16-cv-810, 2018 WL 3650054, at *3–4 (M.D. Fla.), *adopted*, 2018 WL 3650025 (M.D. Fla. May 15, 2018); *Uberoi v. Supreme Ct. of Fla.*, 819 F.3d 1311, 1313–14 (11th Cir. 2016).

[2] Plaintiff's Complaint also fails to state a claim because it neither includes factual support nor identifies the specific rights that were allegedly violated. (*See* Doc. 29.)

Copies:
*Pro se* Plaintiff Edwin Berrios Guzman